UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JAMES GORDON COONS, II           ]
    Petitioner,              ]
                             ]
v.                               ]   No. 3:14-0608
                             ]   Judge Trauger
WAYNE CARPENTER, Warden          ]
    Respondent.              ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Carpenter, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

The petitioner was indicted in Davidson County for the premeditated murder of his wife. On February 27, 2009, he pled guilty to the lesser included offense of second degree murder. Docket Entry No. 24-1 at pg. 35. For this crime, he received a sentence of forty (40) years in prison. *Id.* at pg. 41.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and sentence. Docket Entry No. 24-10 at pgs. 12-19. The Tennessee Supreme Court later denied petitioner's application for further direct review. Docket Entry No. 24-9.

In February, 2011, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 24-10 at pgs. 21-30. Following the

1

appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the post-conviction petition. *Id.* at pgs. 60-73. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 24-15; Coons v. Tennessee, No. 2013 WL 2190059 (Tenn. Crim. App.). The Tennessee Supreme Court once again refused to grant petitioner's application for additional review. Docket Entry No. 24-17.

## II. Procedural History

On January 18, 2014, the petitioner initiated this action by placing a *pro se* petition (Docket Entry No. 1) for writ of habeas corpus in the prison postal system. The petition contains three claims for relief. These claims include:

1) the guilty plea was neither knowingly nor voluntarily given because of counsel's ineffectiveness[1]
    a) counsel incorrectly advised the petitioner that he would receive a sentence of no more than fifteen (15) years;
    b) counsel failed to adequately investigate the case and failed to sufficiently communicate with the petitioner; and

2) the petitioner's sentence is illegal under state law.

Upon its receipt, the Court reviewed the petition and determined that it stated a colorable claim for relief. Accordingly, by an order (Docket Entry No. 10) entered March 20, 2014, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules ---- § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No. 23) to the petition, to which the petitioner has filed a Reply (Docket Entry No. 25). Having carefully considered the

---

[1] The petitioner was represented by Michael Colavecchio, a member of the Davidson County Bar.

petition, respondent's Answer, petitioner's Reply and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.)     State Law Claim**

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v.Jeffers, 497 U.S. 764, 780 (1990).

The petitioner has alleged that his sentence is illegal under state law (Claim No. 2). Docket Entry No. 1 at pgs. 7-9. This claim was exhausted in the state courts solely as an issue of state rather than federal law, Docket Entry No. 24-5 at pg. 9, and was addressed by the state courts as such. Docket Entry No. 24-10 at pgs. 12-19.[2] The claim in no way suggests that the petitioner is in custody pursuant to "a violation of the Constitution or laws or treaties of the United States". Consequently, this claim will not support an award of federal habeas corpus relief.

---

[2] In his Reply, the petitioner argues that the sentence is contrary to the decision rendered in Blakely v. Washington, 542 U.S. 296 (2004). In that case, it was held that the constitutional guarantee of a jury trial proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant. The instant petition, however, was never amended to include a Blakely claim. Nor did petitioner mention Blakely when exhausting this claim in the state courts. *See* Docket Entry No. 24-5. Therefore, petitioner's untimely Blakely argument will not save his sentencing issue.

3

**B.)** **Fully Exhausted Claims**

The petitioner's ineffective assistance claims (Claim Nos. 1a-b) were offered to the state courts for review and were found to be without merit. Coons v. Tennessee, 2013 WL 2190059 (Tenn. Crim. App.).

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770, 780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389. A state prisoner must show that the state court's ruling on the claim being presented was so lacking in justification that there was an "error well understood and comprehended in existing law beyond any possibility for fairminded disagreement". Harrington, *supra* at 131 S.Ct.

786-787.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. Within the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would instead have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner first claims that counsel was ineffective for telling him that his sentence would be no more than fifteen years (Claim No. 1a).

At the hearing to accept petitioner's guilty plea, the trial judge informed him that the punishment for second degree murder was between fifteen to sixty years in prison. He was further informed that, as a Range 2 offender, he would be subject to a sentence within the range of twenty five to forty years in prison. The petitioner acknowledged that he understood her. Docket Entry No. 24-12 at pg. 4. The petitioner also told the court that counsel had informed him that he would be subject to a sentencing range of between fifteen and forty years, that counsel had read the petition to plead guilty to him, that he had no questions about the petition, and that no one promised him

5

anything "other than this agreement". *Id.* at pgs. 5-8.

The Tennessee Court of Criminal Appeals found that, in light of petitioner's acknowledgments at the guilty plea hearing, he had failed to demonstrate that counsel was deficient in this regard. This Court finds that such a ruling was not contrary to the facts of the case or federal law. Therefore, this claim has no merit.

Petitioner's final claim is that counsel was ineffective "for failing to adequately investigate his case and failing to sufficiently communicate with him about his case" (Claim No. 1b).

With respect to this claim, the state courts found that counsel had met with the petitioner 4-5 times at the county jail as well as 5-6 times at the court house on court dates. Docket Entry No. 24-10 at pg. 69. He conducted an extensive evidentiary hearing and filed a motion to suppress, all in an unsuccessful effort to prevent the introduction of damaging evidence at trial. *Id.* at pg. 70. Counsel personally interviewed all relevant witnesses. *Id.* The petitioner was diagnosed as having bi-polar and anti-social disorders. Counsel had petitioner evaluated by mental health professionals who found him competent to stand trial. Docket Entry No. 24-11 at pg. 12.

In his petition to plead guilty, the petitioner stated "I believe my lawyer has done everything any lawyer could have done to represent me and I am satisfied with my legal representation and assistance in this case. I have had no problem communicating with my lawyer." Docket Entry No. 24-1 at pg. 30. When asked at the post-conviction evidentiary hearing "What is it about Mr. Colavecchio's representation that you found to be deficient?" He simply stated "I don't know." Docket Entry No. 24-11 at pg. 13. Petitioner offered no specific evidence at the post-conviction evidentiary hearing of additional witnesses or proof that might have affected the outcome of the proceeding.

From this, the state courts determined that counsel had not been ineffective in his preparation of the case and communication with his client. This Court agrees that there has been no showing of deficient representation, much less prejudice to the petitioner. For that reason, this claim also has no merit.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge